Nicholas O. Kennedy (State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX  75201
Telephone:     214 978 3081
Facsimile:      214 978 3099

Byron R. Tuyay (State Bar No. 308049)
byron.tuyay@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA  90067
Telephone:     310 201 4728
Facsimile:      310 201 4721

Attorneys for Non-Party Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re Ex Parte Application of<br><br>    CTS RESEARCH INC.,<br><br>Applicant. | Case No. 25-mc-80280-PCP<br><br>**NON-PARTY GOOGLE LLC'S STATEMENT OF NON-OPPOSITION TO APPLICANTS' *EX PARTE* FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING [ECF NO. 1]**<br><br>Judge: The Honorable P. Casey Pitts<br>Courtroom: 8 – 4th Floor<br>United States Courthouse<br>280 South 1st Street<br>San Jose, CA  95113 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Non-Party Google LLC has reviewed Applicant CTS Research Inc.'s ("the Applicant" or "CTS") *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Civil Proceeding ("the Application"), filed on September 17, 2025 (ECF No. 1).

Google understands that the Applicant is seeking authorization to serve the proposed Subpoena on Google in connection with legal proceedings in the Supreme Court of British Columbia ("the Subpoena"). On October 17, 2025, counsel for Google met and conferred with counsel for Applicant to discuss Google's objections to the scope of the proposed subpoena. Google, however, takes no position on the issuance of the Subpoena, but it reserves all rights and objections with respect to the Subpoena if it does issue. *See, e.g., CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) (recognizing that there may be subsequent motion to quash proceedings following the granting of a Section 1782 application). Indeed, even where non-parties have been served with Section 1782 applications, courts routinely recognize that non-parties may raise challenges to subpoenas after their issuance. *See, e.g., In re Ex Parte Application of Kakedzuka Mfg. Co., Ltd.*, Case No. 22-mc80133-NC, Dkt. 11 (N.D. Cal. July 29, 2022) (granting Section 1782 application with consent of the parties but allowing provider and account holder a period of time to move to quash the subpoena following service). As such, Google reserves all rights and objections with respect to the Subpoena until after it is issued. Google further reserves all rights to limit any subsequent production of information responsive to the Subpoena, if any exists, subject to any protective orders and challenges raised by affected account holders after the Subpoena is issued.

Accordingly, if the Court decides to grant the Application and allows the Subpoena to issue, Google respectfully requests that any order granting the Application recognize that Google and any affected account holders may challenge the Subpoena after it is served.

1

Dated: October 22, 2025

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: */s/ Byron R. Tuyay*

    Byron R. Tuyay
    Attorneys for Non-Party
    GOOGLE LLC

2