UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CTS RESEARCH INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC, <br><br> Defendant. | Case No.  25-mc-80280-PCP <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** <br><br> Re: Dkt. No. 1 |

CTS Research, Inc. seeks an ex parte order under 28 U.S.C. § 1782 authorizing it to obtain documents from Google LLC to use in a court proceeding in Canada. CTS is a global investigative firm and is suing an individual who resides in Vancouver, Canada, for conspiring to defame CTS. CTS seeks discovery from Google in order to identify the individual's co-conspirators. The application is granted.

**I.     CTS satisfies the requirements of 28 U.S.C. § 1782.**

CTS satisfies all three statutory requirements for this Court to authorize discovery under 28 U.S.C. § 1782: (1) the target must reside in this district, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made by that tribunal or another "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). CTS satisfies the first requirement because Google's principal office in Mountain View, California, is located in this district. The second requirement is satisfied because the discovery sought is for use in a pending lawsuit in the Supreme Court of British Columbia in Canada. The third requirement is satisfied because CTS is an interested person as the plaintiff in the Canadian lawsuit. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (discussing litigants as perhaps "the most common" interested persons who may invoke § 1782).

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    The *Intel* factors favor granting the application.

The discretionary factors identified in *Intel* also favor granting CTS's application. The four *Intel* factors are (1) whether the entity from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the tribunal to judicial assistance by this Court; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp.*, 542 U.S. at 264–65. All four *Intel* factors favor authorizing discovery here. First, Google is not a participant in the foreign proceeding. As CTS argues, it therefore "may be outside the [Canadian] tribunal's jurisdictional reach" such that its "evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* at 264; *see also In re W. Face Cap. Inc.*, No. 19-MC-80260-LB, 2019 WL 5617891, at *2 (N.D. Cal. Oct. 31, 2019). Second, CTS represents that no known restrictions or policies under Canadian law limit U.S. federal court judicial assistance, including discovery requests for information publishing anonymous online statements. Third, no evidence suggests that CTS is attempting to circumvent foreign proof-gathering restrictions or policies. Fourth, the information CTS requests is narrowly tailored and neither unduly intrusive nor burdensome. Accordingly, the Court finds it appropriate to grant the application.

IT IS HEREBY ORDERED that:

1. The Applicant's application is GRANTED;

2. The Applicant is AUTHORIZED to issue and serve on Google a subpoena that is substantially similar to the proposed subpoenas attached to the application as Exhibit B of the Declaration of Marissel Descalzo;

3. The Applicant shall serve a copy of this order and each authorized subpoena on Google, as applicable;

4. No later than 10 days after service of the subpoenas, Google shall notify all account users whose personal identifying information is affected by the subpoenas that their identifying information is being sought by the Applicant;

5. Google and each account user whose information is sought may file no later than 21 days

after service or notice, as applicable, a motion to quash or modify the subpoenas; and

6.  If no motion to quash or modify the respective subpoenas is filed within the time period prescribed above, Google, as applicable, shall disclose the information sought by the respective subpoenas within 3 days after the expiration of the prescribed time period

**IT IS SO ORDERED.**

Dated: October 23, 2025

_____

P. Casey Pitts
United States District Judge