UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
CTS RESEARCH, INC.

Case No. 25-mc-80376-PCP

**ORDER DENYING MOTION TO
QUASH AND GRANTING SEALING
MOTIONS**

Re: Dkt. Nos. 1, 2, 3

Plaintiff filed this action seeking to quash a subpoena served by CTS Research, Inc. on Google, LLC pursuant to this Court's order authorizing service under 28 U.S.C. § 1782. Now before the Court is CTS Research's motion to deny the motion to quash, which CTS Research filed in the related action. *See* Dkt. No. 20 at 1, *CTS Research Inc. v. Google LLC*, Case No. 25-mc-80280. Because CTS Research offers evidence showing that it has withdrawn the subpoena that plaintiff moves to quash, the Court denies plaintiff's motion to quash as moot.

When he filed this case, plaintiff also moved to proceed pseudonymously. *See* Dkt. No. 2. "In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Here, plaintiff attests that he has already received an unwelcome visit to his home in connection with the events underlying this action and CTS Research's subpoena, and he "fears that public disclosure of [his] name … will lead to [further] doxing, online harassment, and potential threats at home and work." The Court finds this risk of harassment sufficient to justify plaintiff's use of a pseudonym and therefore grants plaintiff's motion to proceed pseudonymously.

Plaintiff also filed a motion seeking to maintain various of his filings under seal. *See* Dkt.

No. 3. He argues that "[p]ublic filing of these materials would reveal … [his] identity," leading to the same risk of harassment discussed above. Yet plaintiff does not explain how these materials might be used to identify him. Though he asserts that "the email address and factual background" disclosed in his filings "are themselves identifying," neither the email address not the information discussed in his filings provide any details as to his name, age, appearance, location, employment, phone number, or any other potentially identifying details. The Court therefore denies the sealing motion.

For the reasons above, CTS Research's motion is GRANTED and plaintiff's motion to quash and to seal are DENIED. Plaintiff's motion to proceed pseudonymously is GRANTED. The Court orders the clerk to unseal this action and each of the filings herein and to terminate this case.

**IT IS SO ORDERED.**

Dated: March 3, 2026

P. Casey Pitts
United States District Judge