# EXHIBIT B



**Baker & McKenzie LLP**

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

November 11, 2025

**VIA EMAIL**

Marissel Descalzo
Descalzo Law
150 SE 2nd Ave
Suite 600
Miami, FL 33131

Re:    *In Re Ex Parte Application of CTS Research, Inc.,* Case Number 5:25-mc-80280

Dear Counsel:

We represent non-party Google LLC ("Google") and are in receipt of your subpoena, served on October 28, 2025, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents or electronically stored information related to the purported Google account identified in your Subpoena.

Without waiving our objections, Google may be willing to produce responsive non-content data, to the extent it exists and is available. Any productions made by Google are subject to the objections and limitations set forth below. Any documents or materials produced by Google in response to the Subpoena may only be used in connection with the pending or reasonably contemplated proceeding(s) as described in the *ex parte* application in the above-captioned matter. Please let us know if you disagree with these limitations.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Google further hereby makes the following objections to the Subpoena.

These Responses and Objections are being served without prejudice to supplementation at a later date. We welcome an opportunity to meet and confer if you disagree with any of Google's objections.

**General Objections**

First, Google objects to the Subpoena to the extent that it fails to satisfy the standards set forth in 28 U.S.C. § 1782 and the discretionary factors weigh against permitting the discovery request. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). Notably, although 28 U.S.C. § 1782 authorizes discovery in a "broad range" of circumstances, those circumstances are not without limit. *Khrapunov v. Prosyankin,* 931 F.3d 922, 925 (9th Cir. 2019). A district court should quash a subpoena under section 1782 that is unduly intrusive or burdensome. *Intel*, 542 U.S. at 241, 264-65. The Subpoena fails to satisfy the discretionary *Intel* factors because it is unduly intrusive and burdensome. The

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.



request seeks user characteristics, payment information, and access log information from a Google user based upon the relevant Gmail address. The Subpoena, however, does not justify or explain the relevance of its request for either access log information or identifying information associated with financial information from the putative defendant to CTS Research, Inc.'s contemplated lawsuit. *See In re Ex parte Presidio, Inc.*, No. 20-mc-80107-NC, 2020 U.S. Dist. LEXIS 116804, at *5 (N.D. Cal. July 1, 2020) (dismissing section 1782 application that requested access log information from Google's users in a civil lawsuit as overbroad under *Intel*).

Second, Google objects to the Subpoena as vague and ambiguous to the extent that the requests do not provide a specific time period relevant to the requested information. Indeed, the requests seek documents "sufficient to show" the requested information, but fail to define "sufficient to show," thus leaving it ambiguous as to the burden imposed upon Google. Courts dismiss subpoenas that fail to define necessary terms and incorporate vague and ambiguous requests. *See Oculu, LLC v. Oculus VR, Inc.*, No. 5:15-cv-80064MISC-HRL, 2015 U.S. Dist. LEXIS 58215, at *6 (N.D. Cal. Apr. 28, 2015) (granting motion to dismiss when requests were vague, ambiguous, and included undefined terms).

Third, Google objects to the Subpoena as overbroad and unduly burdensome to the extent that the requests do not provide meaningful limitations on the information that Google must produce and are not appropriately tailored to the needs of the litigation. Google further objects to the Subpoena as excessive, overbroad, unduly burdensome, and not narrowly tailored to the needs of the litigation to the extent the Subpoena does not provide sufficient restrictions or limitations for the duration of the information requested. *See Rainsy v. Facebook*, 311 F. Supp. 3d 1101, 1113 (N.D. Cal. 2018) (holding request for documents with no specified time limit to be overly broad and unduly burdensome). This Subpoena is intrusive and burdensome under the guidance provided for section 1782 requests. *See In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *5 (N.D. Cal. Mar. 24, 2016) ("[R]equests become intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad fishing expedition for irrelevant information."). The Supreme Court has recognized that "unduly intrusive or burdensome requests may be rejected[.]" *Intel*, 542 U.S. at 265.

Fourth, Google objects to the Subpoena because it violates the Stored Communications Act, 18 U.S.C. § 2702. *See Kardas v. Astas Holdings A.S.*, No. 19-mc-80174-VKD, 2019 U.S. Dist. LEXIS 124555, at *7 (N.D. Cal. July 25, 2019) (denying section 1782 application as unduly intrusive when subpoena requested Google to produce customer's Google Account information). The Stored Communications Act prohibits private parties from compelling production of the content of a user's electronic communications from service providers such as Google by service of a subpoena or court order. Here, a private party is attempting to use the Section 1782 process to circumvent the Stored Communications Act restrictions and obtain electronically stored records concerning user's information and access logs from Google. Courts have recognized that Section 1782 claims may not usurp the prohibitions established by the Stored Communications Act. *Tonggui Xie v. Lai*, No. 19-mc-80287-SVK, 2019 U.S. Dist. LEXIS 219306, at *5 (N.D. Cal. Dec. 20, 2019) ("It is well established that civil subpoenas, including those pursuant to § 1782, are subject to the prohibitions of the Stored Communications Act.").

2



Fifth, Google objects to the Subpoena to the extent it differs from or alters the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Court where the above-captioned action is pending or the Court in which compliance with the Subpoena is required, or to the extent it seeks to impose obligations on Google that exceed those set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, the applicable Local Rules, the applicable Court's individual rules or orders, or any other applicable statute, regulation, rule, or court order.

Sixth, Google objects to the Subpoena as overly broad and unduly burdensome to the extent it seeks information that could be obtained from a more convenient and less burdensome source, rather than burdening a non-party such as Google.

Seventh, Google objects to the Subpoena to the extent that it seeks the disclosure of information that is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity and/or to the extent it seeks disclosure of thoughts, mental impressions, conclusions, analyses, or legal theories of counsel to Google.

Eighth, Google objects to the Subpoena as overbroad, not proportional to the needs of the case, and imposing undue burden and expense on Google as a non-party pursuant to Fed. R. Civ. P. 45(d). Google anticipates that complying with the Subpoena would consume extensive financial resources and would require Google to expend significant amounts of time and human capital because the means of identification of the anonymous Google user (*i.e.*, via Adsense Subscriber ID) may be insufficient to reliably identify information requested by the subpoena. Google asserts that the burden and expense of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Ninth, Google objects to the Subpoena to the extent that it seeks information that is not in Google's possession, custody, or control.

Tenth, Google objects to the Subpoena as unduly burdensome and not proportional to the responsibilities of a non-party to the extent that it seeks the creation or assembly of documents that do not already exist in the ordinary course of business or are not readily accessible without undue burden.

Eleventh, Google objects to the Subpoena to the extent that it requires the disclosure of documents containing proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Twelfth, Google objects to the Subpoena to the extent the Subpoena "conceals an attempt to circumvent" other policies of the United States or evade foreign proof gathering restrictions. *Intel*, 542 U.S. at 241, 264-65.

Thirteenth, Google objects to the Subpoena and the Definitions of "DOCUMENT" and "ACCOUNTS" to the extent these definitions impose any obligations, including with respect to the production of electronically stored information, that are different from or in addition to those imposed by the Federal Rules of Civil Procedure.

3



**Specific Objections**

Subject to and without waiving the above-listed objections, Google responds to the Subpoena's enumerated requests as follows:

**Request No. 1**

REDACTED

Documents containing sufficient information to identify the owners and/or users associated with the Gmail account names listed below including, without limitation, the full legal name, mailing address, residential address, backup/alternate email address, phone number and IP addresses(es): ███████████████████████████
████████████████████████████████████████
██████████████████████████████████

**Response to Request No. 1**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case; (2) the request is overbroad as it seeks "sufficient information" which is undefined, (3) the request seeks names, addresses, and e-mail addresses "without limitation," which imposes an obligation upon Google that is beyond that of the Federal Rules of Civil Procedure; (4) the information requested is not reasonably accessible by Google without incurringundue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

\*\*\*

Based on at least the foregoing objections, Google will not be producing any data in response to your subpoena. However, we remain open to meeting and conferring to discuss these objections and explore a potential resolution of the subpoena. Please feel free to contact me should you have any questions or concerns. Google otherwise preserves and does not waive any other available objections or rights.

Sincerely,

4



*/s/ Creighton J. Macy*
Creighton J. Macy
Counsel for Google LLC